# ORIGINAL

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**



FILED
JUL - 5 2012
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| | |
|---|---|
| In re:<br><br>Functional Restoration Medical Ctr Inc<br><br><br>Debtor(s). | Case No.: 1:06-bk-10306-GM<br><br>Adv No:  1:08-ap-01434-GM<br><br>CHAPTER 7<br><br>COURT WRITTEN TENTATIVE RULING REGARDING MOTION FOR RECONSIDERATION OF A LIMITED PORTION OF THE COURT'S ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND CONCERNING CLAIMS FOR RELIEF 3 AND 5 |
| Corona Radiology Medical Center, Inc., Sepehr Katiraie, Sephehr Katiraie, Dr.<br><br>Plaintiff(s),<br><br>v.<br><br>Functional Restoration Medical Ctr Inc, David K Gottlieb, Chapter 7 Trustee, Ashor Heikali, Ebrahim Heikali, Nasser Heikali, Moossa Heikali,  Nato Fund, Inc., Radnet Management, Inc.,  United Imaging, LLC,  United Medical Imaging Healthcare, Inc.,  United Medical Imaging Inc,  United Medical Imaging Management, Inc., Bruce Yasmeh<br><br>Defendant(s). | Date: July 3, 2012<br>Time: 10:00 a.m.<br>Courtroom: 303 |

Court written tentative ruling attached to this cover sheet.

-1-

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Geraldine Mund, Presiding
### Courtroom 303 Calendar

**Tuesday, July 3, 2012**       **Hearing Room 303**

10:00 am

**1:06-10306**     **Functional Restoration Medical Ctr Inc**       **Chapter 7**

Adv#: 1:08-01434   Katiraie et al v. Gottlieb, Chapter 7 Trustee et al

**#3.00**       Motion for Reconsideration of a Limited Portion of the Court's Order on Motions for Summary Judgment and Concerning Claims for Relief 3 and 5
(fr 6/19/12)

         Docket #: 274

**Courtroom Deputy:**
- NONE LISTED -

**Tentative Ruling:**

This motion deals solely with the issue of granting summary adjudication as to the trustee on the claims for conversion and for an accounting.

1. Conversion - the theory is that there are factual disputes as to whether the estate converted Katiraie's interests. Although the sale order specifically excluded the plaintiffs' interests from being sold, the business as a whole was sold. The argument is the the Asset Purchase Agreement includes a list of the assets of each of the Corona Center and that included much of its intellectual and proprietary property and the goodwill. Thus the estate gave to United "effectively all of the business and the business assets at the Corona Center."

2. Accounting - the plaintiffs are not seeking the post-petition/pre-sale period accounting, but an accounting of the Corona billings that were actually collected for that period after the sale of the Corona Center. [However the movant admits that these were collected by United and not by the Trustee.]

Opposition by the Trustee
     The issue on conversion is a continued collateral attack on the sale order. Beyond everything else, nothing of value was received by the estate other than the carved out amount by the secured creditor and that was from an interest that was superior to that of the plaintiffs.
     As to the accounting, there is nothing for the trustee to account fo because all that the

# United States Bankruptcy Court
# Central District of California

San Fernando Valley
Judge Geraldine Mund, Presiding
Courtroom 303 Calendar

**Tuesday, July 3, 2012**                                                                 **Hearing Room  303**

10:00 am

**Cont....    Functional Restoration Medical Ctr Inc**                                    **Chapter 7**

estate received was the carve-out.

### Proposed Ruling
The sale order and APA are absolutely clear that all that was sold was the estate's interest in the property. First of all, the estate received nothing, so there is nothing to account for. But also, the only interest that plaintiffs had was a fraction of the business, etc. Katiraie was not a 100% owner of anything that was sold. Thus the fact that items were listed on the APA is totally irrelevant. Although Katiraie would like me to rule that he owned 100% of the goodwill and 100% of the personal property, etc., there is no dispute that he did not. When United and later Radnet took the property, they took only the portion that the estate owned. The Trustee did not convert anything.

As to accounts receivables obtained by the Trustee after the sale, there were none and no accounting has to be made.

Deny the motion for reconsideration.

                              Party Information

**Attorney(s):**
  Kasra  Torabi                                    Represented By
                                                   Kasra  Torabi

**Debtor(s):**
  Functional Restoration Medical Ctr               Represented By
                                                   Daniel A Lev
                                                   Michael S Kogan
                                                   David Doss Piper

**Defendant(s):**
  Functional Restoration Medical Ctr               Represented By
                                                   Daniel A Lev